**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0182n.06
Filed: December 21, 2004

**Nos. 03-6085; 03-6086; 03-6088; 03-6089**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| ROBERT G. SUTHERLIN, | ) | STATES DISTRICT COURT FOR |
| STEPHEN L. KELLER, | ) | THE EASTERN DISTRICT OF |
| STERLING KEITH DRACH | ) | KENTUCKY |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |
| | ) | |

Before: DAUGHTREY, COOK, and FARRIS,[*] Circuit Judges.

FARRIS, Circuit Judge. Stephen L. Keller, Robert Grant Sutherlin, and Sterling Keith Drach were convicted, following a trial to a jury, of conspiracy, mail and wire fraud, and money laundering. The defendants challenge several of the jury instructions and the admission of evidence. Drach also argues insufficiency of the evidence. We affirm.

---

[*]The Hon. Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

The defendants' first claim of error is that the district court issued a "good faith belief" instruction which confused the jury and negated the defendants' advice of counsel instruction. We need not decide whether the trial court erred in giving a good faith belief instruction. See, e.g., United States v. Janusz, 135 F.3d 1319, 1322-23 (10th Cir. 1998) (holding that the defendant was not entitled to a good faith belief instruction because he admitted his false representations and false pretenses). The fact that the district court gave such an instruction did not deprive the defendants of the ability to advance and prevail on their theory of the case, which was that they believed in good faith, based on advice of counsel, that it was lawful to purchase and resell fraudulently obtained insurance policies.

The defendants' second claim of error is that the district court should have instructed the jury to consider the alleged fraudulent practices within the viatical insurance industry. The district court properly rejected the defendants' "viatical industry" instruction. Essentially, the defendants asked the trial court to instruct the jury that fraud may be acceptable so long as others in the business are also committing fraud. By refusing to provide the jury with the proposed industry practice instruction, the district court did not impair the defendants' theory of the case. Furthermore, the defendants' proposed instruction simply asked the jury to consider the evidence of the fraudulent practices within the viatical insurance

industry, adding nothing to the general instruction that the jury consider all the evidence and give it such weight as they believed it deserved.

The defendants also contend that the district court erred by rejecting their proposed instruction concerning the "reasonably calculated to deceive persons of ordinary prudence" element of mail and wire fraud offenses. The district court properly rejected the portions of the proposed instruction requiring acquittal if "an ordinary and prudent insurance company" would have verified the representations or if "the insurance companies were in as good a position as the defendants" to detect the misrepresentations. The defendants' proposed instruction would have impermissibly shifted the jury's focus away from the defendants' intent toward the victims' reaction to the fraud. See, e.g., United States v. Coffman, 94 F.3d 330, 334 (7th Cir. 1996); United States v. Maxwell, 920 F.2d 1028, 1037 (D.C. Cir. 1990); United States v. Brien, 617 F.2d 299, 311 (1st Cir. 1980).

The defendants were not entitled to a "duty to disclose" instruction because failure to disclose was not at issue. The trial court instructed the jury to base any conviction on the defendants' acts and representations (i.e., false and fraudulent pretenses, representations, or promises). Contrary to the defendants' claim, the mail and wire fraud instructions were not so broad to permit the jury to consider non-disclosures as well as affirmative misstatements.

3

Using the Sixth Circuit pattern instructions as his guide, the trial judge told the jury that Drach's connection to the conspiracy need only be slight. In a separate instruction, the trial court told the jury that "[t]o convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals." Explaining the elements of conspiracy, the district court instructed the jury that the government must prove "beyond a reasonable doubt" that "the defendant knowingly and voluntarily joined the conspiracy." The court also properly defined "reasonable doubt." The conspiracy instructions fit squarely within Sixth Circuit precedent. See, e.g., United States v. Christian, 786 F.2d 203, 211 (6th Cir. 1986).

Drach also challenges the district court's supplemental instruction to the jury based on Allen v. United States, 164 U.S. 492 (1896), arguing that the instruction was coercive because it referenced the need for the case to be decided in the future if the jurors did not return a verdict. Even if we assume the defendant did not waive his challenge to the court's supplemental instruction, there was no abuse of discretion in giving the Allen instruction, which included language (1) addressing "both those [jurors] in the majority and those in the minority" and (2) reminding the "jury that no one should surrender honest beliefs simply because others disagree." United States v. Clinton, 338 F.3d 483, 490 (6th Cir. 2003). The

4

"district court's failure to use the Sixth Circuit pattern instruction, while risky, did not amount to reversible error in the context of this case." Id.

The defendants' next claim is that the district court erred by allowing investors to testify about the losses they incurred, thereby evoking sympathy from the jury. We find no abuse of discretion. The government was entitled to introduce proof of investor loss to prove the defendants' specific intent to defraud. United States v. DeSantis, 134 F.3d 760, 768 (6th Cir. 1998).

The final claim is that the evidence was insufficient to convict Drach of conspiracy to commit mail and wire fraud and conspiracy to commit money laundering. After reviewing the evidence in the light most favorable to the prosecution, we reject Drach's claim. As Chief Financial Officer of Kelco, the principal corporate entity through which the defendants operated, Drach played a pivotal role in the viatical insurance scheme. The evidence demonstrated that Drach knew about the fraudulently obtained policies, that he knew Kelco was deceiving insurance companies as part of the fraud, and that he willfully became a member of the scheme and participated in the fraud. The evidence also supported his conviction of conspiracy to commit money laundering. He agreed to conduct financial transactions with the proceeds of mail and wire fraud to promote the ongoing fraud. Drach was responsible for receiving millions of dollars from the

resale of fraudulent life insurance policies. He then used this money to pay for legitimate and illegitimate expenses.

AFFIRMED.